EASTERN ROCK PRODUCTS, INC., and Others, Respondents, *v.* WALTER E. NATANSON and Another, Appellants, Impleaded with JOSEPH PALADINO, Defendant.*

Third Department, November 14, 1933.

*Ainsworth & Sullivan* [*Charles B. Sullivan* and *Warner M. Bouck* of counsel], for the appellant Walter E. Natanson.

*Wallace, Patterson & Strohsall,* for the appellant George F. Bergmann.

*Charles R. Stewart* [*Robert S. Wickham* of counsel], for the respondents.

RHODES, J.   The plaintiffs herein sue to recover judgment against the defendants for the amount of their statutory. liability under sections 69, 70 and 73 of the Stock Corporation Law, being the amount alleged to remain unpaid by said defendants to the Tioga Construction Corporation upon shares of stock therein issued to said defendants.

Plaintiffs have also obtained an injunction order which restrains the defendants *pendente lite* from disposing of any of the proceeds or moneys payable under a certain highway contract between the State of New York and the Paladino Engineering Co., Inc.

The appellants appeal from said injunction order upon the ground that the granting thereof was unauthorized. Their first point is that the injunction granted is a provisional remedy and is exclusively controlled by the provisions of sections 877 and 878

* See, also, 239 App. Div. 220.

of the Civil Practice Act. It is clear that this is not a case where the right thereto depends upon the nature of the action as provided by section 877. If authorized at all, authority for the granting thereof must be found in section 878. Subdivision 1 of section 878 applies to a case where the defendant during the pendency of the action is doing, or threatens or is about to do an act in violation of the plaintiff's rights, respecting the subject of the action, and tending to render the judgment ineffective. Subdivision 1, therefore, has no application because it does not appear that the defendants are about to do an act in violation of plaintiffs' rights respecting the subject of the action. Here the action is brought to recover money damages only and an injunction in the nature of a provisional remedy is not authorized in such a case. (*Babho Realty Co., Inc.*, v. *Feffer*, 230 App. Div. 866; *Lackner Co.* v. *Lackner*, 223 id. 784; *Osann* v. *Motrola, Inc.*, 208 id. 854; *Sherwood* v. *Fincke Co., Inc.*, 196 id. 97; *Platt* v. *Elias*, 101 id. 518; *New Hartford Canning Co.* v. *Bulifant*, 78 id. 6.)

The appellants also assert that the order was improperly granted because it was made without the giving of security required by statute, section 893 of the Civil Practice Act. (See *Aerial Upholstering Co., Inc.*, v. *Blum*, 226 App. Div. 743; *City of Yonkers* v. *Federal S. R. Co.*, 221 N. Y. 206, 209.)

The objection is also raised that the order is irregular in form because it fails to recite the grounds on which it is granted as required by section 821. (See *Cronin* v. *Crooks*, 143 N. Y. 352; *Brockway* v. *Miller*, 144 App. Div. 239; *Meyer* v. *Moress*, 106 id. 556.)

It is unnecessary to discuss the question of the technical objections as to irregularities because on the merits the granting of the order is unauthorized.

The order should, therefore, be reversed on the law and facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.