CHARLES K. PERLIN, Plaintiff, *v.* HENRY GREENBERG, Individually and Doing Business as CIRO PLUMBING & HEATING Co. and CIRCUIT ELECTRIC COMPANY, et al., Defendants.

Supreme Court, Special Term, Kings County, November 25, 1949.

*Bergner & Bergner* for plaintiff.

*Maurice Edelbaum* for Calvada, Inc., defendant.

*Samuel Gottesman* for Century Indemnity Company, defendant.

*Coombs & Wilson* for Bank of Manhattan Company, defendant.

MURPHY, J.  Plaintiff moves to restrain the defendants from transferring or interfering in any way with the funds that are now or which may hereafter come into their possession with respect to a certain contract with the United States Army at Fort Totten, Long Island, and also for the appointment of a receiver of such funds.

The defendant Calvada, Inc., has a contract with the United States Army for certain construction work at Fort Totten, Long Island.  That defendant engaged the defendant Harry Greenberg, doing business individually and under certain trade names, to do the plumbing and electrical work on the job as a subcontractor.  The defendant Century Indemnity Company executed a completion bond for and on behalf of the defendant Greenberg.  The defendant Bank of Manhattan Company is the depositary into which are deposited the funds received from the United States Army Finance Office in payment for the work, labor and materials furnished on the job.

While the work was in progress plaintiff entered into an agreement with the defendant Greenberg for the purpose of factoring the latter's accounts on the aforesaid job.  As security the defendant Greenberg assigned to plaintiff various accounts represented by certain bills listed in plaintiff's affidavit which amount to $37,965.83.  Plaintiff has advanced Greenberg $19,460 and has received on account of such advance $11,195.45, leaving a balance of $8,264.55 remaining unpaid.  It is this latter amount which plaintiff seeks to collect in this action.  Plaintiff asserts that the defendant Calvada had notice of the foregoing assignments but despite that diverted the sums

of $3,000 and $3,500 on October 10 and October 17, 1949, to sources other than plaintiff.

In answering plaintiff's averments the defendant Calvada, Inc., alleges that some time in October, 1949, when the plaintiff refused to advance the defendant Greenberg any further moneys the latter ran into financial difficulties. Calvada asserts that it then called upon the defendant Century Indemnity Company, who had indemnified the said defendant Calvada, to complete the job on behalf of the defendant Greenberg. Calvada asserts that it has no funds belonging to defendant Greenberg and that the defendant bank also has no such funds in its possession. Calvada alleges that it has not ignored the rights of the plaintiff but that it has attempted to protect plaintiff's rights by advancing to defendant Greenberg the sum of $6,500 for the purpose of paying for materials, although no moneys were due such defendant at the time. This was done so that Greenberg would not default under his contract.

The defendant Century Indemnity Company denies plaintiff's charge that it has conspired with the defendant Calvada to divert moneys due plaintiff. It alleges that it is interested merely in seeing that the defendant Greenberg's labor and material creditors are paid and it asserts further that if the defendant Calvada were to make any payments to plaintiff or to anyone else to the detriment of such labor and material creditors it would thereby be released to that extent under its bonds.

It is to be noted that our courts have held that the surety's right of subrogation to the rights of the unpaid labor and material creditors is superior to the rights of the contractor's assignee, even where the moneys advanced by the assignee were used by the contractor for the very job in question (*Scarsdale Nat. Bank & Trust Co.* v. *U. S. Fidelity & Guar. Co.*, 264 N. Y. 159; *Century Cement Mfg. Co.* v. *Fiore*, 264 App. Div. 475).

While the prayer for relief contained in plaintiff's complaint, in addition to asking for money damages, seeks equitable relief by way of the appointment of a receiver and injunction, and also a declaration that the assignment in favor of the plaintiff is senior and superior to that held by the defendant Century Indemnity Company, actually the gravamen of the action is one for money damages. As to the relief sought by way of an injunction and the appointment of a receiver, the affidavits disclose the existence of sharp issues of fact. Furthermore, plaintiff does not allege that the defendants Calvada,

Inc., and Century Indemnity Company are not financially responsible for any damages which may be obtained by plaintiff in this action, particularly by reason of any payments made in violation of plaintiff's alleged rights as an assignee of the defendant Greenberg. Under such circumstances an injunction will not be issued or a receiver appointed (*Pine Hill-Kingston Bus Corp.* v. *Davis,* 225 App. Div. 182; *Congelton* v. *Beecher,* 56 App. Div. 617). It also seems clear that this is not a case where the right to an injunction depends upon the nature of the action under section 877 of the Civil Practice Act, nor is it one which is authorized by section 878 of the Civil Practice Act. As pointed out above, basically the action is one brought to recover money damages and an injunction will not issue in such a case (*Eastern Rock Products, Inc.,* v. *Natanson,* 239 App. Div. 529). There the court said, (p. 530): "Here the action is brought to recover money damages only and an injunction in the nature of a provisional remedy is not authorized in such a case. (*Babho Realty Co., Inc.,* v. *Feffer,* 230 App. Div. 866; *Lackner Co.* v. *Lackner,* 223 id. 784; *Osann* v. *Motrola, Inc.,* 208 id. 854; *Sherwood* v. *Fincke Co., Inc.,* 196 id. 97; *Platt* v. *Elias,* 101 id. 518; *New Hartford Canning Co.* v. *Bulifant,* 78 id. 6.)"

Plaintiff, in my opinion, has not shown any clear legal right to the relief sought and his motion is, therefore, denied.