RALPH G. KING, as Commissioner of Public Welfare of the County of Essex, Plaintiff, *v.* JENNIE STURTEVANT, Defendant.

County Court, Essex County, April 8, 1954.

MOTION for injunction *pendente lite*.

*Harlan G. Carson, County Attorney,* for plaintiff.

*Lawson & Lawson* for defendant.

WICKES, J. This is an application by the plaintiff for an injunction *pendente lite* restraining the defendant from withdrawing, transferring or expending certain moneys on deposit in her own name in Ticonderoga National Bank.

The defendant has also moved to vacate a preliminary or temporary injunction granted in connection with the order to show cause pending the decision on plaintiff's application.

The plaintiff in this action seeks to recover certain moneys alleged in the complaint to aggregate $4,654.52 representing assistance and care admittedly furnished by plaintiff to defendant and members of her family for whose support she was concededly responsible.

The defendant admittedly received $10,000 recently as beneficiary of a life insurance policy upon the life of her deceased son.

The action instituted by the plaintiff is expressly authorized by section 104 of the Social Welfare Law.

As a matter of equity the defendant should reimburse the taxpayers for assistance rendered her and her children now that she has funds available for that purpose.

The plaintiff contends that subdivision 1 of section 878 of the Civil Practice Act authorizes an injunction in such a case and argues that the moneys received from the insurance policy and now on deposit are " the subject of the action " within the meaning of subdivision 1 of section 878 of the Civil Practice Act.

The plaintiff's attorney has vigorously argued that section 104 of the Social Welfare Law should be construed to mean that any moneys received by a former recipient of public assistance are deemed " the subject of the action " and that therefore a commissioner of public welfare suing such a recipient is entitled to an injunction restraining the withdrawing of such moneys pending the outcome of the action.

The only case cited by the attorney for the welfare commissioner in support of his contention is *Matter of Clonan* (176 Misc. 557 [1941]).

A careful reading of this case reveals that it is not authority for the granting of such an injunction. The Surrogate in the *Clonan* case merely held that the claim of the public welfare commissioner for assistance paid to the decedent during her lifetime was preferred, after payment of administration and funeral expenses, over the claims of general creditors.

The case before us is not a claim against the estate of a deceased recipient of relief. There is no question of preference among creditors.

No injunction was sought or granted in the *Clonan* case.

The general rule that an injunction *pendente lite* is not authorized by subdivision 1 of section 878 of the Civil Practice Act in actions to recover money damages only is well settled. (*Eastern Rock Products* v. *Natanson,* 239 App. Div. 529, and cases therein cited.)

We find no provision in the Civil Practice Act or the Social Welfare Law which excepts actions brought under section 104 from the general rule.

The argument that the court *should* have authority to grant injunctions *pendente lite* in actions brought by public welfare commissioners under section 104 of the Social Welfare Law to recover taxpayers' money paid to relief recipients has a great deal of merit. However we find nothing whatsoever in the Civil Practice Act or in the Social Welfare Law which evidences an intent on the part of the Legislature to grant such authority.

The granting of a temporary injunction is authorized and limited by the provisions of the Civil Practice Act. A court may not exceed the authority conferred upon it by the Legislature even though it feels that its authority is unwisely limited.

Perhaps the Association of Welfare Commissioners should sponsor an appropriate amendment to section 878 of the Civil Practice Act or to the Social Welfare Law.

The temporary injunction should be vacated and the motion for an injunction *pendente lite* should be denied.