Lloyd I. Hebzka, J.
Application for an injunction pendente lite enjoining the defendants, pending the determination of the action, from removing all miscellaneous pipes, radiators, kitchen and bathroom fixtures from the inside of certain vacant buildings.
Plaintiff’s action is predicated upon a written demolition contract between plaintiff and defendant Hall Developers, Inc., wherein plaintiff as contractor agreed to remove the above-mentioned fixtures at a stipulated price. Plaintiff charges that he has performed all the terms of the contract but that defendant Hall Developers, Inc., has prevented him from completing the contract and has contracted with the defendant Eagle Demolition Corp. to remove the aforesaid fixtures and has denied the plaintiff the right to go upon the premises to remove the equipment. Defendant Hall categorically denies that plaintiff *55 has duly performed the terms of the contract and contends that plaintiff breached its terms necessitating its termination because of such breach and that plaintiff was notified to that effect. That the difficulties with plaintiff having seriously delayed the demolition work and time being of the essence, defendant entered into a new contract with one Promontory Construction Co., Inc., to complete the job, who in turn subcontracted the job to the defendant Eagle Demolition Corp.
The facts upon which the ultimate decision must be made are bitterly disputed and the truth of the matter is impossible of determination without a trial when the witnesses can be examined and cross-examined. The burden of establishing the undisputed right to the drastic relief of a temporary injunction is upon the party seeking it (Pinehill-Kingston Bus Corp. v. Davis, 225 App. Div. 182), which the plaintiff has failed to establish. The right to the relief sought herein is dependent upon issues which can only be decided upon the trial (Voorhees and Hobart, Inc., v. Hobart, 251 App. Div. 111). As this action appears basically one for breach of contract seeking money damages and the plaintiff has an adequate remedy at law, he is not entitled to obtain the relief he now seeks (Eastern Rock Products v. Natanson, 239 App. Div. 529; Perlin v. Greenberg, 196 Misc. 865; Birn v. Childs Co., 36 N. Y. S. 2d 250), particularly so where the ultimate relief sought is of doubtful nature (Gittlin Bag Co. v. Bresky, 279 App. Div. 570).
Accordingly, the motion is denied. However, the court feels that the plaintiff should have an early trial and the plaintiff is directed to place the case on the calendar for the first available term at the head of the calendar for an immediate trial, subject to the approval of the Justice presiding thereat. Settle order on notice.