John A. Monteleone, J.
Plaintiff, City of New York, moves for a preliminary injunction in its action in which it seeks a judgment apportioning the liability as between the defendant individually (hereinafter referred to as “ husband ”) and itself arising out of a prior personal injury action brought by husband personally and in a representative capacity as executor of his wife’s estate against the City of New York and the driver of its fire truck.
In the action the deceased wife was a passenger in an automobile driven by her husband which was in a collision with a fire truck owned by the City of New York. The jury found in favor of the plaintiff deceased passenger against the named defendants. The driver husband did not recover because the jury did not find he was free from contributory negligence. A judgment was entered in favor of the estate of the deceased wife against the named defendants. The plaintiff City of New York now seeks a preliminary injunction to enjoin the husband individually and as executor of his wife’s estate from disposing of the proceeds of the judgment recovered by the estate against *832 the plaintiff. Plaintiff alleges that under the will of the deceased wife, the husband is to receive her entire estate.
The plaintiff contends (1) that there may now be an apportionment of liability between tort-feasors and that when one of the tort-feasors pays more than its proportionate share of the entire amount, it may seek part of the judgment paid by it as may be found by a jury determining the degrees of liability for each tort-feasor; (2) that since the jury found the husband contribu-. torily negligent, he therefore shared the responsibility for the accident; (3) that it may seek judgment in this separate action for partial relief from the entire judgment it is responsible for; (4) and that pending the determination of this apportionment action, it is entitled to restrain husband from collecting and/or using the money.
The husband’s contentions are (1) that under the circumstances, plaintiff may bring a plenary action against him and in that action his automobile liability insurance carrier would serve an answer and defend on his behalf; (2) that the estate is entitled to collect the entire judgment awarded to it from the plaintiff herein; (3) and that an injunction may not be granted in this type of action.
Plaintiff seeks in a separate action what it could have achieved in the prior action by way of counterclaim under the authority of Dole v. Bow Chem. Co. (30 N Y 2d 143); Kelly v. Long Is. Light. Co. (31 N Y 2d 25); Moreno v. Goldorisi (39 A D 2d 450). Judgment was entered against the plaintiff in the prior action on September 25, 1972, the Moreno case allowing a counterclaim against one who is a plaintiff in the action was decided on October 24, 1972. Had the Moreno case been decided prior to September 25, 1972, the city may have counterclaimed in that wta, as it was immediately after the Moreno case that the city started its present apportionment action. Prior to Bole, a defendant east in judgment oould have instituted a separate action for indemnity if his liability could be characterized as active or secondary (Westchester Light Co. v. Westchester County Small Estates Corp., 278 N. Y. 175). The Bole and Kelly ñafies did away with the largely artificial and inflexible rule that prevented contribution and apportionment between tort-feasors.
On pages 148 to 149 of the Bole case the court said: “ The conclusion reached is that where a third party is found to have be«n responsible for a part, but not all, of the negligence for which defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reaeh that end there must necessarily be an apportion *833 ment of responsibility in negligence between those parties.” and further it stated that ‘ ‘ The adjudication is one of fact and may be sought in a separate action ”.
In Stein v. Whitehead (40 A D 2d 89, 91) it is stated: “ If all have not been sued and the one sued paid the full amount of the plaintiff’s damages he can bring an independent action against the other tort-feasors to recover from them their fair shares of the damages and in that independent action the court or jury will determine the proportions of the parties’ liability for the damages.”
It is obvious that the plaintiff has the right in any event to maintain a separate cause of action for apportionment as it is doing here.
The question as to whether the husband’s automobile liability insurance policy covering the automobile in which the wife was a passenger covers his legal liability in an indemnity action brought against him by the operator of the other vehicle in view of subdivision 3 of section 167 of the Insurance Law is of no consequence here and need not be answered by this court.
The estate under the authority of Kelly v. Long Is. Light. Co. (31 N Y 2d 25, supra) is entitled to collect the entire judgment awarded to it from the plaintiff herein.
As to the plaintiff’s request for a preliminary injunction, the court finds no legal basis for granting such injunction. The action brought by the plaintiff for apportionment is an action for a sum of money only and there appears to be no statutory or decisional authority for the provisional remedy of preliminary injunction as sought herein. Article 63 of the CPLE, and more specifically CPLE 6301 thereof, confirms and restates the principles which had been very clear under its forerunners, sections 877 and 878 of the Civil Practice Act, that a preliminary injunction is not available in an action for a sum of money only. (King v. Sturtevant, 205 Misc. 600; Eastern Rock Prods. v. Natanson, 239 App. Div. 529 (Greenberg v. Greenberg, 104 N. Y. S. 2d 726.)
Prof. McLaughlin in his 1964 Supplementary Practice Commentary (McKinney’s Cons. Laws of N. Y., Book 7B, p. 49) to CPLE 6301 confirms that: “ The situations in which a preliminary injunction is available are those which existed under CPA 877, 878 with one exception. An injunction may no longer be - issued on the ground that the defendant threatens to dispose of his property to render himself judgment proof. (CPA 878(2)). Since an injunction should never issue where there are other adequate remedies, and since CPLE 6201(4) authorizes an order *834 of attachment in this situation, no hardship will be worked by its omission from the injunction statutes. A preliminary injunction is still unavailable in an action for a sum of money only. Campbell v. Ernest, 892, 64 Hun 188,19 N. Y. S. 123. ”
This subject is also reviewed in Weinstein-Kern-Miller (N. Y. Civ. Prac., vol. 7A, par. 6301.10, pp. 63-19, 63-20): “In order to obtain a preliminary injunction on the ground that the defendant’s conduct is violating or is threatening to violate the plaintiff’s rights, the plaintiff must show that the defendant’s actions are affecting ‘ the subject of the action. ’ It is not sufficient that the defendant is injuring the plaintiff’s property if that property is not directly involved in the action. Thus, the subject-of-the action requirement precludes the issuance of a preliminary injunction in an ordinary tort or contract action for money damages, since money is not considered the ‘ subject ’ of the action. Attachment or one of the provisional remedies other than a preliminary injunction is a more appropriate device for securing the enforcement of any judgment the plaintiff may recover in an action for money damages.”
Accordingly, the plaintiff’s motion for a preliminary injunction is denied.