■ HALMAR DISTRIBUTORS, INC., Respondent, v APPROVED MANUFACTURING CORP. et al., Appellants.—Order, Supreme Court, New York County, entered June 13, 1975, denying defendants' application for reconsideration (erroneously denominated as one for reargument) upon additional facts, of the "order" granting plaintiff's motion for a preliminary injunction, unanimously reversed, on the law, the motion granted and the preliminary injunction vacated, and appellants shall recover of respondent $40 costs and disbursements of this appeal. Appeal from order of the Supreme Court, New York County, entered June 24, 1975, granting plaintiff's motion for a preliminary injunction unanimously dismissed as academic, without costs and without disbursements. Subsequent to the decision of Special Term granting plaintiff's motion for *preliminary* relief, an amended verified complaint was served which no longer contained a demand for a *permanent* injunction. An amended complaint having been served, it superseded the original complaint and became the only complaint in the case. *(Branower & Son v Waldes,* 173 App Div 676.) Accordingly, the action herein must proceed as though the original pleading had never been served. *(Millard v Delaware, Lackawanna & Western R.R. Co.,* 204 App Div 80.) CPLR 6301 permits preliminary injunctive relief where there is a demand for permanent injunctive relief or where it appears that the defendant "threatens or is about to do * * * an act in violation of the plaintiff's rights respecting the subject of the action". Since, as afore-mentioned, a permanent injunction is no longer sought, the plaintiff must at this juncture satisfy that part of CPLR 6301 which permits issuance of a temporary injunction where plaintiff's rights with respect to "the subject of the action" are threatened.

Plaintiff, however, has not satisfied that requirement since he merely seeks to recover monies which have been advanced to defendants and monies may not be considered the "subject" of the action within the meaning of CPLR 6301. (See, e.g., *Eastern Rock Products v Natanson,* 239 App Div 529; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.10.) Concur—Stevens, P. J., Murphy, Tilzer, Lane and Nunez, JJ.