(January 7, 1986)

■ VMVS ASSOCIATES, as a Limited Partner of 40 West 45th Street Associates, Suing Individually and on Behalf of All Others Similarly Situated, Respondent, v CONSOLIDATED EQUITIES, INC., et al., Appellants.—Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered July 1, 1985, which granted plaintiff's motion for a preliminary injunction against the removal by defendant Consolidated Equities, Inc., of certain funds held in escrow, unanimously reversed, on the law, with costs, and the plaintiff's motion denied.

Plaintiff VMVS Associates is one of several limited partners in 40 West 45th Street Associates, a limited partnership, which owned a building located at that address. Plaintiff brought an action seeking money damages, rescission of its subscription agreement, and an accounting from the general partner, defendant Consolidated Equities, Inc., and its principals, alleging fraud, breach of fiduciary duty, waste and mismanagement of the property.

In April 1985 plaintiff's former counsel consented to a sale of the 40 West 45th Street building on condition that $256,000 of the proceeds would be placed in escrow pending the outcome of the litigation, and he further agreed that plaintiff would look solely to the escrowed funds, Consolidated and its principals to recover its damages in the pending action. The building was thereafter sold and a portion of the proceeds was placed in escrow. The exact amount now remaining in escrow is not specified in the record, but Consolidated claims in its brief, without contradiction from plaintiff, that the amount exceeds by approximately $300,000 the $256,000 being held on behalf of plaintiff.

On May 13, 1985 plaintiff moved for a preliminary injunction against the defendant's removing any of the funds realized from the sale of the building, which were being held in escrow. Defendant Consolidated appealed from Special Term's order granting the preliminary injunction.

CPLR 6301 permits the issuance of a preliminary injunction "where it appears that the defendant threatens or is about to do * * * an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual". Plaintiff's action is essentially one for money

damages, and money damages may not be considered the "subject of the action" under this statute. *(Antorino v Birk,* 59 AD2d 931; *City of New York v Tirone,* 72 Misc 2d 831; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.10.)

The motion for a preliminary injunction must be denied upon the alternative ground that plaintiff failed to demonstrate in its moving papers, by competent evidence, the likelihood of its ultimate success on the merits, irreparable injury absent the granting of the preliminary injunction, and a balancing of the equities in favor of plaintiff's position. *(Chrysler Realty Corp. v Urban Investing Corp.,* 100 AD2d 921.) Finally, we observe that even if all the aforesaid prerequisites had been satisfied, we would have vacated the preliminary injunction insofar as it exceeded $256,000 of the escrow fund, the amount representing plaintiff's investment in the limited partnership. Concur—Murphy, P. J., Sandler, Asch and Ellerin, JJ.