OPINION OF THE COURT
Eugene P. Bambrick, J.
In an action pursuant to Civil Rights Law § 51, where plaintiff’s complaint seeks damages in the sum of $1,000,000, but no demand is made therein for injunctive relief, can the plaintiff obtain a preliminary injunction?
Such is the question to be addressed in this application by plaintiff for an order restraining the defendants from using the alleged picture of plaintiff in an advertising campaign.
From the papers submitted it appears that in or about July 1981, the plaintiff Ben Schwartz was an employee of the butcher shop known as "Paul Feldstein”, and operated by the sons, defendants Martin Feldstein and Herbert Feldstein. It further appears that at about this time, representatives of the defendant J.J. Gross and Company, Inc., as part of an advertising campaign promoting the defendant Hebrew National, Inc., took a series of photographs at the Paul Feldstein Butcher Shop, which included a photograph of plaintiff.
Plaintiff alleges that on or about September 11, 1985, the defendants, the New York Times and Jewish Press, printed plaintiff’s photograph, without obtaining from him a written or even a verbal release, and as such, all the defendants herein have violated Civil Rights Law § 51.
*943 In the words of plaintiffs complaint, the following are the alleged damages and relief sought:
"That the use of plaintiffs picture in the context in which it appeared implied that plaintiff was 'Paul Feldstein’, a prominant [sic] New York butcher who is now deceased, and having his picture associated with a deceased person has greatly upset plaintiff, causing him severe emotional distress. That the use of plaintiffs picture as aforesaid and in the circumstances under which it was used injured the esteem in which the plaintiff had been held as an individual and in his calling; and by reason thereof, the plaintiff has been greatly injuried [sic] in his feelings and greatly damaged in his profession and calling, reputation, name and fame to his damage in the sum of $1,000,000.00 (one million dollars).
"Wherefore, plaintiff demands judgment against the defendants and each of them, for the sum of $1,000,000.00”.
Nowhere in the complaint does the plaintiff request injunctive relief. It is only in the context of the application herein that the plaintiff requests "this court to restrain the defendants from further use of the advertising photograph”.
The defendant Hebrew National, Inc. opposes plaintiffs application for a preliminary injunction since plaintiffs complaint does not sue for such relief. Said defendant argues:
"While Section 51 of the New York Civil Rights Law does expressly refer to the availability of injunctive relief, such relief is available only if plaintiff properly sues for the same. In his complaint, plaintiff seeks only money damages in the sum of $1,000,000, but no demand is made for a permanent injunction against use of the advertisement complained of.
"Defendant respectfully submits that plaintiff is not entitled to interim relief where there is no action pending to obtain the same relief permanently.”
Although this court is inclined to deny plaintiffs application herein, it does not mean that this court has adopted all of the arguments made by defendant Hebrew National, Inc.
CPLIi 6301 authorizes a preliminary injunction in either of two situations: "[!.] [W]here it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiffs rights respecting the subject of the action, and tending to render the judgment ineffectual, or [2.] in any action where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an *944 act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff.”
Professor Siegel (NY Prac, §327, at 397) analyzes this section in a manner which clearly discounts one of the arguments of defendant Hebrew National, Inc., as follows: "In the first situation, the action is not necessarily brought for a permanent injunction; the plaintiff is seeking some kind of relief with respect to a particular 'subject matter’, however, and it is in respect of that very subject matter that plaintiff needs an injunction lest the defendant do something to make a potential judgment 'ineffectual’.”
This court carefully considered what is "the subject of the action” herein. No longer is a court of equity constrained to invoke its power solely for the protection of property rights (see, Long, Equitable Jurisdiction to Protect Personal Rights, 33 Yale LJ 115; see also, Pound, Equitable Relief Against Defamation and Injuries to Personality, 29 Harv L Rev 640). As noted by Weinstein-Korn-Miller (vol 7A, NY Civ Prac ¶ 6301.10, at 63-27): "It should be noted that the words 'the subject of the action’ do not require the plaintiff to show that one of his property rights is the subject of the action. If the litigation involves the plaintiff’s personal rights rather than his property rights, a preliminary injunction can be obtained as long as the personal right to be protected is 'the subject of the action’.”
There is no question that Civil Rights Law §51, which protects certain personal rights, allows one to sue for both injunctive relief and damages in the following manner: "Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person’s name, portrait or picture in such manner as is forbidden or declared to be unlawful by section fifty of this article, the jury, in its discretion, may award exemplary damages.”
However, it is well settled that Civil Rights Law §§ 50 and 51, which created a new statutory right, being in derogation of common law, are to be strictly construed. (Shields v Gross, 58 *945 NY2d 338, 345; Arrington v New York Times Co., 55 NY2d 433, 439; Blumenthal v Picture Classics, 235 App Div 570, 573, affd 261 NY 504.) Although one may be entitled to sue for both injunctive relief and damages, Civil Rights Law § 51 clearly provides that such a person "may maintain an equitable action in the supreme court of this state * * * to prevent and restrain the use” (emphasis added).
This court finds that no such equitable "action” has been commenced by plaintiff and that the complaint herein reveals an action for money only. Under the circumstances herein, CPLR 6301 cannot be invoked, for the reasons stated by Siegel (NY Prac § 327, at 397), as follows: "Since this provision requires a specific 'subject matter’, an action for money only does not qualify. The provisional remedy of injunction is therefore unavailable in that most numerous of all actions, the money action. Though the inclusion of a money demand will not necessarily preclude an injunction if other relief, which would satisfy this provision of CPLR 6301, is also asked in good faith, the court will withhold the injunction if convinced that the other relief is incidental and the money claim preponderant.”
Substantial case law has also developed propounding this rule that where an action is brought to recover money damages only, an injunction in the nature of a provisional remedy is not authorized in such a case. (Halmar Distribs. v Approved Mfg. Corp., 49 AD2d 841, 842; Eastern Rock Prods. Co. v Natanson, 239 App Div 529, 530; Babho Realty Co. v Feffer, 230 App Div 866.)
Accordingly, the motion by plaintiff for a preliminary injunction is denied.
Parenthetically, this court is confident that the defendants will voluntarily restrain from further use of the subject advertising photograph, since such allegedly unauthorized use would only further expose them to greater monetary damages, including exemplary damages. A speedy trial can adequately resolve the dispute.