■ LEIF B. PEDERSON, INC., Respondent, v BEATRICE WEBER, Appellant.—Order of the Supreme Court, New York County (Arthur E. Blyn, J.), entered June 13, 1986, which granted plaintiff-respondent Leif B. Pederson, Inc.'s motion to confirm a Referee's report recommending the retention of in personam

jurisdiction over defendant-appellant Beatrice Weber and denied the cross motion to reject the report, unanimously affirmed, without costs.

Order of the Supreme Court, New York County (Kenneth Shorter, J.), entered October 22, 1986, which granted plaintiff-respondent's motion to enjoin defendant-appellant from continuing a California action, or any similar one, ordering defendant-appellant to serve an answer, and setting plaintiff-respondent's undertaking at $500, unanimously reversed, on the law and the facts and in the exercise of discretion, and the motion denied, without costs.

Leif B. Pederson, Inc. (Pederson) contracted to decorate and help design the California house of Beatrice Weber. Both orders appealed from arise from that contract. Pederson seeks, in a New York court, approximately $400,000 for breach of contract and in quantum meruit. Ms. Weber sued Pederson, in California, for conversion and intentional infliction of emotional distress. Ms. Weber appeals from two separate orders: one which confirmed a Referee's report recommending the retention of in personam New York jurisdiction over her. The other, in the main, enjoined Ms. Weber from continuing her California action, or any similar one.

The jurisdiction question centers on whether Ms. Weber transacted business in this State sufficient to meet the due process requirements constituting minimum contacts. *(See, International Shoe Co. v Washington,* 326 US 310.) This depends on whether Ms. Weber engaged in purposeful activity by which she invoked the benefits and protections of New York law. *(Hi Fashion Wigs v Hammond Adv.,* 32 NY2d 583; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13.)

In New York, Ms. Weber searched extensively for home furnishings with Pederson's help. In addition, she originally sued Pederson (in California) to retrieve money paid for services performed, at least in part, in New York. Ms. Weber admits she spent $7,400 on items bought by Pederson for her in New York. Testimony before the Referee by Leif Pederson and others, plus invoices in the record, indicate that perhaps Ms. Weber spent considerably more money in New York. She spent this money in accordance with a contract that originated in New York and that was agreed to by a company located solely in New York. These constitute minimum contacts.

As to the preliminary injunction sought by Pederson under CPLR 6301, and granted, we reverse. CPLR 6301 allows a

preliminary injunction only when defendant might violate plaintiff's rights regarding the subject of the action, or when plaintiff might do something to interfere with or render a judgment ineffectual. Here, Pederson seeks money damages. No "subject of the action" exists which Ms. Weber could effect in her California tort action. *(Halmar Distribs. v Approved Mfg. Corp.,* 49 AD2d 841; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.10, at 63-25.) Further, because the actions are separate and distinct, the California case cannot render ineffectual, as such, any judgment entered in New York. Moreover, absent sound reasons, a court generally should not deprive a plaintiff of the right to sue in a forum of her choice. *(Paramount Pictures v Blumenthal,* 256 App Div 756.) Concur —Kupferman, J. P., Sullivan, Carro, Asch and Wallach, JJ.