■ In the Matter of CLARK J. GEBMAN, Appellant, v GEORGE PATAKI, as Governor of the State of New York, et al., Respondents. [681 NYS2d 701] —Peters, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 5, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of jurisdiction.

Petitioner commenced this proceeding by filing an order to show cause which included a verified petition. The petition alleges that the Office of Real Property Services (hereinafter ORPS) wrongfully denied his request made pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) seeking, *inter alia*, access to information involving the computer system and programs used and developed by ORPS. Petitioner's *pro se* petition listed 23 causes of action, each of which alleged that as a result of respondents' failure to disclose the information, petitioner was damaged in the amount of $10 million. In the order to show cause, however, petitioner also requested relief in the form of a temporary restraining order and preliminary injunction which sought, *inter alia*, to prevent respondents from refusing to release real property sales and inventory data throughout the State as well as information pertaining to ORPS' computer system.

Petitioner's request for a temporary restraining order was denied by Supreme Court (Keegan, J.) and a return date on the petition was set. On such date, both parties appeared and petitioner filed a second order to show cause seeking the same equitable relief and what appeared to be a motion for preliminary injunctive relief. Supreme Court refused to sign the order to show cause and respondents thereafter moved to dismiss the proceeding, contending that the court lacked subject matter jurisdiction since petitioner, in its verified petition, solely sought monetary damages against the State.

Acknowledging that petitioner sought certain forms of preliminary injunctive relief and that the underpinnings of the various causes of action seeking monetary damages are derived from respondents' failure to comply with petitioner's requests under FOIL, Supreme Court (Bradley, J.) nonetheless granted respondents' motion due to petitioner's sole request for monetary damages. Dismissing the action without prejudice to renewal in the Court of Claims and upon the further denial of petitioner's request for reconsideration, this appeal ensued.

We affirm. "[A]ctions against State officers acting in their of-

ficial capacity in the exercise of governmental functions are deemed to be, in essence, claims against the State and, therefore, suable only in the Court of Claims" (*Morell v Balasubramanian*, 70 NY2d 297, 300). While the Court of Claims may, in its determination of claims seeking monetary damages, apply equitable considerations and, in connection therewith, grant incidental equitable relief (*see, Ozanam Hall of Queens Nursing Home v State of New York*, 241 AD2d 670, 671), it has no jurisdiction to grant strictly equitable relief (*id.*). Hence, it becomes relevant to determine whether the essential nature of the claim is the recovery of monetary damages or whether monetary relief is simply incidental to the primary claim (*see, Matter of Gross v Perales*, 72 NY2d 231).

Although not explicitly stated, we find Supreme Court to have clearly acknowledged the outstanding motion for preliminary injunctive relief and to have appropriately denied it since the action before it never requested a permanent injunction. Having so limited its requested relief to that of monetary damages (*see, Leif B. Pederson, Inc. v Weber*, 128 AD2d 453; *Halmar Distribs. v Approved Mfg. Corp.*, 49 AD2d 841; *Schwartz v Hebrew Natl.*, 130 Misc 2d 942) and upon our finding that the monetary claims were not incidental to the denial of the FOIL request (*see, Matter of Gross v Perales, supra*), the determination was, in all respects, proper.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.