■ JANET TITUS, Respondent, v ALAN TITUS, Appellant. [712 NYS2d 880] —In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Shapiro, J.), dated July 27, 1999, which denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the original complaint for failure to state a cause of action, and (2) a judgment of the same court dated August 2, 1999, which, upon an order of the same court dated March 19, 1999, granting the plaintiff's motion, *inter alia,* for child support, maintenance, and an award of an attorney's fee, is in favor of the plaintiff and against him in the principal sum of $55,720.56, and awarded an attorney's fee in the principal sum of $10,000.

Ordered that the appeal from the order dated July 27, 1999, is dismissed as academic; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant argues that the allegations contained in the original complaint were insufficient to support a cause of action for divorce based on cruel and inhuman treatment, and that his motion to dismiss that complaint should have been granted. However, since the original complaint was superseded

by an amended complaint, the sufficiency of the allegations contained in the original complaint is academic, and the proper course is to dismiss the appeal from the order denying the defendant's motion to dismiss the original complaint (*see, Chalasani v Neuman,* 64 NY2d 879; *Penato v George,* 42 NY2d 908; *Morris v Goldstein,* 223 AD2d 582; *Smith v Russell Sage Coll.,* 78 AD2d 913, *affd* 54 NY2d 185; *Bennett v City of New York,* 65 AD2d 731; *Guibor v Manhattan Eye, Ear & Throat Hosp.,* 56 AD2d 359, *affd* 46 NY2d 736; *Halmar Distribs. v Approved Mfg. Corp.,* 49 AD2d 841; *Millard v Delaware, Lackawanna & W. R. R. Co.,* 204 App Div 80; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 3025.07; 6 Carmody-Wait 2d, NY Prac § 34:10).

The Supreme Court properly entered a judgment against the defendant based on the unrebutted allegations that he failed to comply with the terms of the order dated March 19, 1999 (*see,* Domestic Relations Law § 244). Bracken, J. P., Friedmann, Luciano and Smith, JJ., concur.