Ghous v T-Mobile USA, Inc. (2025 NY Slip Op 51523(U))

[*1]

Ghous v T-Mobile USA, Inc.

2025 NY Slip Op 51523(U)

Decided on September 25, 2025

Supreme Court, Kings County

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 25, 2025
Supreme Court, Kings County

Ghulam Ghous, Plaintiff,

against
T-Mobile USA, Inc., T-Mobile, and 1804 63 Street LLC, Defendants.

Index No. 537128/2023

Attorney for Plaintiff
Adnan Munawar, Esq.
Munawar Law Group, PLLC
235 9th Street
Troy, NY 12180
212-400-4000
[email protected]
Attorney for Defendants T-Mobile USA, Inc and T-Mobile
Gabriella D. Petrillo
Montgomery McCracken Walker & Rhoads LLP
437 Madison Avenue,
 New York, NY 10022
212-867-9500
[email protected]
Attorney for Defendant 1804 63 Street LLC
Douglas Alan Gingold
The Law Office of Eric D. Feldman
485 Lexington Avenue, 7th Floor
New York, NY 10017
917-778-6600
[email protected]
Attorney for Defendant Premier Wireless Center LTD
Mariel T. Crippen
Eustace Prezioso Yapchanyk & Yang
550 Madison Avenue 10th Floor
New York, NY 10022
212-612-4200
[email protected]

Francois A. Rivera, J.

Recitation in accordance with CPLR 2219 (a) of the papers considered on the notice of motion filed on June 23, 2025, under motion sequence number one, by T-Mobile USA, Inc., (hereinafter the moving defendant) for an order pursuant to CPLR 3211 (a) (1) and (7) dismissing the amended complaint of Ghulam Ghous (hereinafter the plaintiff). The motion is opposed.
-Notice of motion
-Affirmation in support
Exhibits A-C
-Memorandum of law in support
-Affirmation in opposition
-Memorandum of law in reply
-Affirmation in support in reply
BACKGROUND
On December 9, 2023, the plaintiff commenced the instant action for damages for personal injuries by filing a summons and verified complaint with the Kings County Clerk's office (KCCO).
On April 8, 2024, the defendants T-Mobile USA, INC. i/s/h/a T-MOBILE USA, INC. and T-MOBILE (hereinafter collectively the T-Mobile defendants) interposed and filed an answer with the KCCO.
On June 3, 2024, the plaintiff filed an amended verified complaint with the KCCO.
The T-Mobile defendants have not interposed an answer to the amended verified complaint and instead have filed the instant pre-answer motion to dismiss.
The amended verified complaint alleged the following salient facts, among others. On February 12, 2021, the T-Mobile defendants owned, operated, managed, maintained, controlled, and or possessed a property located at a certain address in County of Kings, City and State of New York (hereinafter the subject property). There was a written contract and/or lease between the T-Mobile defendants and 1804 63 Street LLC. 
On or about February 12, 2021, plaintiff Ghulam Ghous was lawfully traversing the sidewalk adjacent to the subject property. While plaintiff was lawfully traversing at the aforesaid location and adjacent sidewalk, she was caused to slip and fall and sustain serious and permanent injuries because of the defendants' failure to remove salt, sand, or otherwise remediate the snow and/or ice condition which existed. The defendants, their agents, servants, and/or employees were negligent, reckless, and careless in the ownership, operation, management, maintenance, snow and ice removal, control, supervision and repair of the aforesaid premises and sidewalk. The aforesaid occurrence was caused wholly and solely by reason of the negligence of defendants, without any fault or negligence on the part of the plaintiff.
LAW AND APPLICATION
[*2]Motion under CPLR 3211 (a) (1)
The moving defendant seeks dismissal of the amended complaint pursuant to CPLR 3211 (a) (1) and (7). On December 9, 2023, the plaintiff commenced the instant action. On April 8, 2024, the moving defendant interposed and filed an answer with the KCCO. On June 3, 2024, the plaintiff filed an amended verified complaint with the KCCO.
The moving defendant interposed an answer to the originally filed complaint, but did not interpose an answer to the amended complaint. An amended complaint, once served, supersedes the initial complaint and becomes the only complaint in the case as though the initial complaint was never served (see Pourquoi M.P.S., Inc. v Worldstar Intl., Ltd., 64 AD3d 551, 551 [2d Dept 2009] ["[T]hose pleadings are no longer viable as they have been superseded by new pleadings alleging new causes of action"]; see D'Amico v Correctional Medical Care, Inc., 120 AD3d 956, 957 [4th Dept 2014]; see Elegante Leasing, Ltd. v Cross Trans. Svc, Inc. 11 AD3d 650, 650 [2d Dept 2004]; see Titus v Titus, 275 AD2d 409, 409-410 [2d Dept 2000]).
CPLR 3025 (d) provides as follows:
"Responses to amended or supplemental pleadings. Except where otherwise prescribed by law or order of the court, there shall be an answer or reply to an amended or supplemental pleading if an answer or reply is required to the pleading being amended or supplemented. Service of such an answer or reply shall be made within twenty days after service of the amended or supplemental pleading to which it responds."
In accordance with CPLR 3025 (d), the moving defendant was required to interpose an answer to the amended complaint within twenty days of June 3, 2024, the date the plaintiff filed the amended verified complaint with the KCCO.
CPLR 3211 (e) provides, in pertinent part, as follows:
"Number, time and waiver of objections; motion to plead over. At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a) of this rule, and no more than one such motion shall be permitted. Any objection or defense based upon a ground set forth in paragraphs one, three, four, five and six of subdivision (a) of this rule is waived unless raised either by such motion or in the responsive pleading."
"A CPLR 3211(a)(1) motion [ ] must be made before an answer is interposed or preserved in a responsive pleading; otherwise, it is waived" (M & E 73-75, LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020]; see CPLR 3211 [e]; see e.g. McMahon v Cobblestone Lofts Condominium, 161 AD3d 536, 536-537 [1st Dept. 2018]).
On June 23, 2025, over one year after the amended verified complaint was served upon it by filing, the moving defendant filed the instant motion to dismiss. In accordance with CPLR 3211 (e) the branch of the moving defendant's motion seeking dismissal of the amended verified complaint pursuant to CPLR 3211 (a) (1) is untimely and waived.
Moreover, "[w]here the motion to dismiss is based on documentary evidence under CPLR 3211(a)(1), the claim will be dismissed only 'if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (M & E 73-75, LLC v 57 Fusion LLC, 189 AD3d 1, 6 [1st Dept 2020], citing Leon v Martinez, 84 NY2d 83, 88 [1994]).
"To be considered documentary, evidence must be unambiguous and of undisputed authenticity, that is, it must be essentially unassailable" (Old Republic Natl. Title Ins. Co. v 1152 [*3]53 Mgt., LLC, 227 AD3d 824, 827 [2d Dept. 2024]). Letters, e-mails, and affidavits do not qualify as documentary evidence for purposes of CPLR 3211 (a) (1) (Old Republic Natl. Title Ins. Co. v 1152 53 Mgt., LLC, 227 AD3d 824, 827 [2d Dept. 2024]; IPA Asset Management, LLC v Schuman, 239 AD3d 619, 621 [2d Dept 2025]).
Here, the moving defendants annexed a lease to their motion papers for the purpose of demonstrating that they had no connection to the subject property at the time of plaintiff's accident. The lease was identified in the affirmation of the moving defendant's counsel. The moving defendant's counsel, however, did not allege personal knowledge of the allegations set forth in the amended verified complaint. Nor did its counsel allege any involvement in the drafting or execution of the lease. In sum, the lease was not authenticated by anyone with personal knowledge. As the plaintiff had correctly contended in its opposition papers, the lease was not admissible and could not serve as proof of the moving defendant's position.
Motion under CPLR 3211 (a) (7)
In assessing a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Where "evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist., 159 AD3d 769, 771 [2d Dept 2018]).
Here, the amended verified complaint does plead a cognizable claim of negligence against the moving defendant. The lease offered by the moving defendant is inadmissible and the balance of the moving defendant's evidentiary submission did not conclusively establish a defense to the plaintiff's claim as a matter of law.
The Court notes that the moving defendant argued in its affirmation in support of the motion that a sanction against the plaintiff was sought for frivolous conduct in continuing the action against it. The notice of motion, however, did not state that it was seeking such a sanction. It was therefore disregarded. 
CONCLUSION
The motion by T-Mobile USA, Inc. for an order pursuant to CPLR 3211 (a) (1) and CPLR 3211 (a) (7) dismissing the amended complaint of Ghulam Ghous is denied.
The foregoing constitutes the decision and order of this Court.
ENTER:
J.S.C.