■ BOARD OF MANAGERS OF EXECUTIVE PLAZA CONDOMINIUM, Respondent, v CHARLES JONES et al., Appellants. CHARLES JONES et al., Counterclaim Plaintiffs-Appellants, v BOARD OF MANAGERS OF EXECUTIVE PLAZA CONDOMINIUM et al., Counterclaim Defendants-Respondents, et al., Defendants. [674 NYS2d 304] —Orders, Supreme Court, New York County (Paula Omansky, J.), entered August 5, 1996, on or about May 23, 1997, August 12, 1997, and on or about February 17, 1998, which, *inter alia*, dismissed the defendants' first through fourth and sixth counterclaims, denied defendants' motion for a default judgment upon their counterclaims or in the alternative to compel the counterclaim-defendants to accept their amended counterclaims, granted defendants' motion to reargue but adhered to its prior determination, and granted plaintiff's motion for summary judgment on its cause of action and to sever defendants' sole remaining counterclaims, unanimously affirmed, with costs.

Defendants, Charles and Lynne Jones, failed to state a cause of action in their counterclaims for civil violations of the Racketeer Influenced and Corrupt Organizations (RICO) Act (18 USC § 1961 *et seq.*), purportedly predicated on acts of wire and mail fraud, since no misrepresentation or other fraudulent

scheme was asserted (*see*, *McLaughlin v Anderson*, 962 F2d 187, 190-191 [2d Cir]); or to state a RICO cause of action predicated on extortion, since the Board of Managers of the Joneses' condominium purportedly threatened only to exercise their right of first refusal respecting a proposed lease, which they were expressly permitted to do by the by-laws; or to state a RICO claim predicated on conspiracy, since the Joneses only allege a scheme to engage in the above-described, non-actionable activities.

The counterclaim for breach of fiduciary duty and fraud was also properly dismissed, since the only fiduciary duty allegedly breached was the duty not to defraud, and the Joneses' own pleadings indicate that they never relied on any representation or omission of any present adversary (*see*, *Callas v Eisenberg*, 192 AD2d 349, 350).

Since the Board of Managers had a right to exercise its right of first refusal pursuant to the condominium by-laws, and to foreclose on a lien filed for unpaid common charges and interest thereon (*see*, Real Property Law § 339-z), the Board's conduct was not extreme and outrageous and therefore does not, as a matter of law, support the counterclaim for intentional infliction of emotional distress (*see*, *Freihofer v Hearst Corp.*, 65 NY2d 135, 143-144). There is no cause of action for "harassment", the Joneses' sixth counterclaim (*see*, *Goldstein v Tabb*, 177 AD2d 470, 471, *lv denied* 80 NY2d 753), and were it construed as a claim for prima facie tort, it would fail for lack of an allegation of a sole motive to harm the Joneses and to plead special damages (*see*, *Curiano v Suozzi*, 63 NY2d 113, 117-118).

The motion court also properly denied the Joneses leave to amend their pleadings for lack of an evidentiary showing of merit and because the proposed amended pleading was not placed before the court until five months after the prior motion practice had been adjudicated (*see*, CPLR 3211 [e]; *Walter & Rosen v Pollack*, 101 AD2d 734, 735).

Finally, summary judgment on behalf of the Board of Managers was appropriate, since the Joneses failed to refute the showing of unpaid common expenses, upon which the Board filed a lien pursuant to Real Property Law § 339-z, and the Joneses' sole remaining counterclaim, arising out of the allegedly improper construction of a ventilation flue, was properly severed, since it is unrelated to the unpaid common expenses. Nevertheless, the IAS Court erred in ruling that the $75 late fee was a "common expense", since that conclusion is not supported by the condominium's by-laws. The late fee, however, is

recoverable if the Board establishes at the inquest ordered by the IAS Court that the fee either represents its reasonable costs arising out of the Joneses' delinquency, or that the Board resolution authorizing the fee was adopted pursuant to a provision of the by-laws, circumstances which cannot be determined on the present record. Concur—Lerner, P. J., Sullivan, Rosenberger and Wallach, JJ.