Henry DITTMER, and all others similarly situated; James Allen; Milton Aronauer; James K. Barry; Lorraine Barry; Roy Bender; Lillian Evers; Chester Biczyhowski; Otto Bischoff; Kathryn Bischoff; Lois Brass; Breskel Associates; Mercedes Broderick; Debra Brown; Jerilyn Buck; Ervine Brown; Bunker Hill Estates, Inc.; John Butler; Candace Butler; William Clavelin; Ralph B. Clemente; Robert Comunale; Clemente Cote; Eugenia Cote; Irene Cunard; Anna Marie Czarnecki; Concetta D'Angelo; Joseph Dasilva; Edith Dasilva; Rudolph Davis; Vito Degaetano; John Delia; James A. McLoughlin; Dittmer Ida; Richard Dittmer; Richard C. Dittmer; Richard R. Dittmer; Ida Hardekoph; Catherine Eastlund; Leonard Erhardt; Fay Erhardt; Erna Benjamin; R. Fabrizio; Connie Falkenstein; Ralph Farrauto; Michelle Farrauto; Franklin Faye; Josephine Federici; Melvin Feldman; Joseph Ferrari; Angelina Ferrari; Thomas Gambetta; Joan Gatti; Isabel Genari; Gladys Gherardi; Evan Goldstein; Estelle Grabowski; Patricia Green; Edris Greenidge; Joseph Griffith; Nancy Grivas; Marvin Gutin; Susan Gutin; Robert Hamel; Hampton Termite, Inc.; William Fawcett; John Fawcett; Anthony Harrison; John Hauss; Maria Hauss; Donald Markstein; Gloria Hendrix; William Henrichsen; Joel Hoffman; Beatrice Hoffman; Paul Holschuh; Paul Hock; Elfrieda Hock; Nathaniel Hughes; Salvatore Indovino; Audrey Pollack Isaacs; William Jackomis; Roberta Jackomis; Franz Kammel; Malcolm Kaplan; Joan Kielkowski; Walter Kielkowski; Maria Komlj Enovich; Howard Kopet; Minnie Kordula; William Kroll; Anna Kunz; Walter Kunz; Joan Stuart; Frieda Langman; Joseph Laviero; Bruno Laviero; Robert J. Ledogar; Eleanor Ledogar; Margaret Leonhardt; John Leonhardt; Thomas Lyons; Vincent S.

MacCaro; William R. Lange; Pasquale MacChia; Dora Macchia; James McGillion; Michael McGovern; Manhasset Park Co.; John Marinuzzi; Roberta Marinuzzi; Wilfried Matz; John McDonnell; John A. Migliore; Rudolph Migliore; Gustav Moldestad; R. Allen Monks; Seth Morgan; William Mullan; Paul Perillo; Ann Perillo; John Prikrell; Douglas Preston; Realty Redemption Co., Inc.; Bertram Reinhold; Bennett A. Reiss, as Trustee; Horace Rice; Vincent A. Riehl; Vita Roth; Dorothy Rohne; E. Joyce Rosenstrom; Sabhnani; Pauline M. Salmon; Anthony Santangelo; Salvatore Scalise; Theresa Scalise; Jack Lipman; George Schmelzer; Theodore Sery; Melvin Shrebnick; Marlene Shrebnick; Simonetti Realty Corp.; John F. Spuller; Louis Stark; Edith Stark; Charles Stark; Carol Stark; Wesley Taylor; John Muller; Drusilla Ilma Tudury; Amilcare Vitale; Bernard Vollkommer; John Walker, Jr.; Keith Wilson; Lewis Yeatman; Aglaia Zanakis; Celia Zerul; Ralph Zerul; Thomas J. Zukas; Heywood Heffron; Josephine Bhasin; Bharat Bhasin; Katherine Foster; Emmanuel Christ; Coastal Aquaculture, Inc.; Evelyn Goodman; Frederic Siegel; Kathleen Kelly; Orlando Tesoriero; Michael Fazio; Marianne Templeton; E.G. Smith; Gordon Ward; Steven Porter–Bell; Lorraine Porter–Bell; Paul Harry; Jean Harry; Frederick Zibelin, Jr.; Edith Zibelin; Gloria Przybytowski; Joseph Przybytowski; Richard Kasper; Hugo Ritucci; Shirley Gitenstein; Joseph Fichera; Frances Fichera; Kash Group, Inc.; Walter Korder; Walter Hogan, Jr.; John Latronica; Janet Latronica; Lois Heisey; James Corodemus; Chrisoula Corodemus; Manorville Patent Associates; Audrey Mills; Doris Levine; Norman Rossner; Anthony Motola; Anita Motola; Andersen Builders, Inc.; George Nicholson; Eunice Nicholson; Francis V. Glasser; L.N. Mauck, Jr.; Barbara Peelle; Asher Melamed; Paula Sanchez; Joan Bartilucci; Dunne Bartilucci; Kenneth Bartilucci; Margaret Bartilucci; Thomas Troiano, as Trustee; and Estate of John Zanakis, Plaintiffs–Appellants,

v.

COUNTY OF SUFFOLK, NEW YORK; Town of Riverhead, New York; Town of Southampton, New York; Town of Brookhaven, New York; Central Pine Barrens Joint Planning and Policy Commission; Robert J. Gaffney; Ray E. Cowen; Vincent Connuscio; Felix Grucci and James Stark, Defendants–Appellees.

No. 02–7346.

United States Court of Appeals, Second Circuit.

Feb. 28, 2003.

Madeline Sheila Galvin and James E. Morgan, Galvin and Morgan, Delmar, NY, for Appellants.

John J. Sipos, Assistant Attorney General (Eliot Spitzer, Attorney General of the State of New York, Peter H. Schiff, Senior Counsel, Lisa M. Burianek and Gordon J. Johnson, Assistant Attorneys General, on the brief), Albany, NY, for Appellees.

Timothy J. Dowling and Jason C. Rylander, Community Rights Counsel, Washington, DC, for Amici Curiae Association of Towns of the State of New York, New York State Conference of Mayors and Municipal Officials, and New York State Association of Counties.

PRESENT: OAKES, KEARSE, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 28th day of February, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiffs appeal from a final judgment of the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge*) in favor of defendants. Plaintiffs, landowners in Suffolk County, New York, brought this action to challenge the constitutionality of the Long Island Pine Barrens Maritime Reserve Act, N.Y. Envtl. Conserv. Law § 57–0101 *et seq.* (McKinney 1997) (the "Act"). The Act's stated purpose is "to allow the state and local governments to protect, preserve and properly manage the unique natural resources of the Pine Barrens–Peconic Bay system." N.Y. Envtl. Conserv. Law § 57–0105. The District Court dismissed plaintiffs' substantive due process claim pursuant to Fed.R.Civ.P. 12(b)(6), denied plaintiffs' motion for summary judgment on their equal protection claim, and granted defendants' motion for summary judgment on the equal protection claim. To the extent that plaintiffs argue in support of any claims other than their facial substantive due process and equal protection challenges, such claims have been either waived or abandoned, and we do not consider them.

■ The District Court dismissed plaintiffs' substantive due process claim because plaintiffs had not alleged that they had a property interest in the continued pre-Act zoning of their land. Plaintiffs do not challenge this particular conclusion on appeal, and we agree with the District Court that plaintiffs have failed to allege anything more than a unilateral expectation in the continued zoning of their land. *See, e.g., Ellentuck v. Klein,* 570 F.2d 414, 429 (2d Cir.1978) ("Under New York law, ... a landowner has no vested interest in the existing classification of his property.").  We therefore affirm the District Court's dismissal of plaintiffs' substantive due process claim.

■ We also note that, even if plaintiffs could allege a protected property interest, the Act would still survive a substantive due process challenge. The Act is subject to rational basis review because it neither infringes fundamental rights nor affects a suspect class. *See Vance v. Bradley,* 440 U.S. 93, 96–97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979). Under this deferential standard, plaintiffs' due process claim will fail if the Act is rationally related to any legitimate state interest. *See Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 461–63, 101 S.Ct. 715, 66 L.Ed.2d 659 (1981). It is clear that the Act is rationally related to several legitimate state interests. *See Dittmer v. County of Suffolk,* 188 F.Supp.2d 286, 289 (E.D.N.Y.2002) (listing the Act's goals as, *inter alia,* "protect[ing] the largest natural drinking water source in New York" and "preserv[ing] the Pine Barrens' unique and partially endangered ecosystem").

■ Plaintiffs' equal protection claim likewise cannot survive rational basis review. As the District Court noted, the Act will survive an equal protection challenge "if there is any 'plausible' justification for the distinctions [it] draw[s]." *Dittmer,* 188 F.Supp.2d at 293 (quoting *Weinstein v. Albright,* 261 F.3d 127, 140 (2d Cir.2001)). Plaintiffs' equal protection claim appears to be founded on the argument that the Act irrationally designates the plaintiffs' land as part of the Pine Barrens' "core preservation area," while designating the Calverton Naval Weapons Industrial Reserve Plant as part of the less restrictive "compatible growth area." Plaintiffs' contention is not even factually correct. While the developed portions of the Calverton Plant (e.g., jet runways, access roads, and airplane hangars) are located within the compatible growth area, the

undeveloped portions of the Calverton Plant are—like the plaintiffs' undeveloped land—located within the core preservation area. The Act's distinction between developed and undeveloped land is rationally related to the legitimate interests that the Act was designed to serve: protecting the Pine Barrens' aquifer and preserving its unique and endangered ecosystem. Thus, the District Court properly denied plaintiffs' motion for summary judgment, and granted defendants' motion for summary judgment, on the equal protection claim.

We have considered plaintiffs' remaining contentions and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.