■ WALTER OLSEN, Individually and as President and Director of the Civil Property Rights Associates, Inc., et al., Appellants, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [762 NYS2d 538] —Rose, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered May 7, 2002 in Albany County, which, inter alia, granted defendants' motions for summary judgment dismissing the amended complaint.

In this action, plaintiffs allege that they are current or former owners of real property located within the Long Island Central Pine Barrens, an ecologically unique area protected by the Pine Barrens Protection Act (hereinafter the Act) (*see* ECL 57-0103 *et seq.*; *see also Matter of Long Is. Pine Barrens Socy. v*

*Planning Bd. of Town of Brookhaven*, 80 NY2d 500, 508-510 [1992]). In their 200-page complaint, plaintiffs assert 22 causes of action challenging the validity of the Act as well as alleging that the land use restrictions imposed pursuant to the Act, the actions of the Central Pine Barrens Joint Planning and Policy Commission in enforcing them and other related conduct of defendants have caused them to suffer monetary damage measured in tens of millions of dollars. Supreme Court converted defendants' motion for dismissal of all claims pursuant to CPLR 3211 (a) to one for summary judgment after plaintiffs cross-moved for partial summary judgment on the issue of liability. Then, finding that it lacked subject matter jurisdiction of monetary claims against the state, Supreme Court granted defendants' motions, denied plaintiffs' cross motion and dismissed the action. This appeal ensued.

We affirm. Supreme Court correctly concluded that it lacked subject matter jurisdiction over the claims asserted here. The essential nature of plaintiffs' claims is the recovery of monetary damages for the impact on them of allegedly invalid, illegal or improper conduct of the state, its officers, employees and agents. "[A]ctions against [s]tate officers acting in their official capacity in the exercise of governmental functions are deemed to be, in essence, claims against the [s]tate and, therefore, suable only in the Court of Claims" (*Morell v Balasubramanian*, 70 NY2d 297, 300 [1987]; *see Matter of Gross v Perales*, 72 NY2d 231, 235 [1988]; *Matter of Gebman v Pataki*, 256 AD2d 854, 854-855 [1998], *lv denied* 93 NY2d 808 [1999], *cert denied* 528 US 1005 [1999]). The declaratory and injunctive relief sought only in the complaint's "wherefore" clause is clearly incidental to the substantial monetary relief requested in each cause of action. Also, an action for declaratory judgment is unnecessary where an action at law for damages is available (*see James v Alderton Dock Yards*, 256 NY 298, 305 [1931]; *Bartley v Walentas*, 78 AD2d 310, 312 [1980]).

Here, neither plaintiffs' amended complaint nor their submissions on the motions assert facts establishing the personal liability of any defendant, and the acts and omissions complained of plainly occurred in the exercise of defendants' governmental functions.* Thus, plaintiffs' claims are for money damages against the state and only properly prosecuted in the Court of

---

* To the extent that plaintiffs allege that defendants Suffolk County Water Authority and Town of Riverhead were not acting as agents of the state, we concur with Supreme Court's conclusion that their claims are barred by, among other things, their lack of standing (*see Matter of Parkland Ambulance Serv. v New York State Dept. of Health*, 261 AD2d 770, 772 [1999]).

Claims. However, even if this bar were removed and we were to review the merits of plaintiffs' other contentions, we would agree with Supreme Court's thorough review and affirm its finding of alternate bases for dismissal of all of their claims.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.