Gladys GHERARDI, Individually and in her capacity as a member of the Civil Property Rights Associates, Inc., et al., Plaintiffs–Appellants,

v.

STATE OF NEW YORK, et al., Defendants–Appellees.

No. 04–0411–CV.

United States Court of Appeals, Second Circuit.

Dec. 22, 2005.

James E. Morgan (Madeline Sheila Galvin, on the brief), Delmar, NY, for Plaintiffs–Appellants.

Timothy J. Hopkins, Oakdale, NY, for Defendants–Appellees Suffolk County Water Authority.

Lisa M. Burianek, Assistant Attorney General, (Eliot Spitzer, Attorney General of the State of New York, Caitlin J. Halligan, Solicitor General of the State of New York, Denise A. Hartman, Assistant Solicitor General, Peter H. Lehner, John J. Sipos, Assistant Attorneys General, on the brief), Albany, NY, for Defendants–Appellees State of New York.

Present: Hon. SONIA SOTOMAYOR, Hon. PETER W. HALL, and Hon. JOHN R. GIBSON,* Circuit Judges.

*SUMMARY ORDER*

Plaintiffs, who own property located in an area known as the Central Pine Barrens on Long Island in the towns of Riverhead, Southampton, and Brookhaven, New York, appeal the district court's dismissal, based on the doctrine of *res judicata,* of their facial and "as applied" challenges to the Long Island Pine Barrens Maritime Reserves Act (the "Act"). We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

■ To the extent plaintiffs raise a facial challenge to the Act, we affirm the district court's dismissal on the basis of *res judicata. See In re Teltronics Servs., Inc.,* 762 F.2d 185, 190 (2d Cir.1985) (noting that *res judicata* principles preclude any existing claims that were or could have been raised and adjudicated on the merits in a previous action). A prior action challenging the facial constitutionality of the Act by a majority of the plaintiffs in the instant case was dismissed on the merits.

*Dittmer v. County of Suffolk,* 188 F.Supp.2d 286 (E.D.N.Y.2002), aff'd, No. 02–7346, 59 Fed. Appx. 375 (2d Cir. Feb.28, 2003). Although not all of the plaintiffs here were parties in that action, *res judicata* nonetheless bars all of the plaintiffs in this action from asserting their claims because their interests are virtually identical to those of the *Dittmer* plaintiffs and were adequately represented in that litigation. *See Chase Manhattan Bank, N.A. v. Celotex Corp.,* 56 F.3d 343, 345–46 (2d Cir.1995). Moreover, the doctrine bars claims that should have been raised in the prior action because they involve the same "nucleus of operative fact," *see Waldman v. Village of Kiryas Joel,* 207 F.3d 105, 108 (2d Cir.2000) (citation and internal quotation marks omitted), and its effect cannot be avoided by asserting new legal theories that do not amount to a new cause of action. *See In re Teltronics,* 762 F.2d at 193 (citations omitted).

■ The outcome of a second challenge to the Act brought by the plaintiffs in this action in state court further supports the district court's conclusion. The state court dismissed the action for lack of subject matter jurisdiction and ruled, in the alternative, that the claims lacked merit. *Olsen v. N.Y. State Dep't of Envtl. Conservation,* Index No. 3600–01 (N.Y.Sup.Ct. May 7, 2002). The Appellate Division affirmed the trial court's judgment and expressly agreed with its alternative bases for dismissal. *Olsen v. N.Y. State Dep't of Envtl. Conservation,* 307 A.D.2d 595, 762 N.Y.S.2d 538 (3d Dep't 2003). An alternative holding may be considered conclusive in a subsequent proceeding where, as here, the litigants had the incentive and opportunity to address the issue, and the issue was carefully considered by the court. *See*

* The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*Malloy v. Trombley*, 50 N.Y.2d 46, 52–53, 427 N.Y.S.2d 969, 405 N.E.2d 213 (1980). The state court litigation thus provides an alternative basis for affirming the district court's dismissal of plaintiffs' facial challenge to the Act on preclusion grounds even though plaintiffs could only have received injunctive relief, and not damages, in that action. *See Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir.2004) (applying New York principles of collateral estoppel where the full measure of relief sought in a subsequent proceeding was unavailable in the earlier action).

■ To the extent plaintiffs raise an "as applied" challenge to the Act, we also affirm the judgment of the district court, although on different grounds. In the absence of a final decision by the government entity charged with implementing regulations governing property use or a final decision regarding compensation for a taking, a plaintiff's "as applied" takings claim is not ripe for consideration. *See Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186–88, 192, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Here, plaintiffs have not alleged that they applied for development applications to the state commission charged with implementing the Act. As a result, their claims are not yet ripe, and the district court thus appropriately dismissed those claims.[1] Plaintiffs, however, are not barred by the preclusion doctrines from future litigation in the event that their claims become ripe. *See St. Pierre v. Dyer*, 208 F.3d 394, 399–400 (2d Cir.2000) (stating that a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits and thus has no *res judicata* effect).

We have reviewed plaintiffs' other contentions, including those advanced follow-ing argument, and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

---

1. We note that those plaintiffs who submitted complete applications to the state commission received approval to develop their property and thus have suffered no injury for standing purposes.