■ F. JAVIER MONREAL, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [834 NYS2d 332]—

Crew III, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered June 6, 2006 in Albany County, which, inter alia, granted defendants' motion to dismiss the complaint.

Plaintiff, a physician who is the subject of an ongoing investigation by defendant Office of Professional Medical Conduct (hereinafter OPMC), commenced this action against OPMC and defendants Department of Health, Commissioner of Health and Kendrick Sears, seeking $12 million in damages for defendants' alleged harassment during the course of the investigation.* Shortly thereafter, plaintiff unsuccessfully moved

---

* Plaintiff also initially named the state and former Governor George Pataki as party defendants, but it appears the action subsequently was discontinued as to those parties. Additionally, although plaintiff names Sears as OPMC's

for a preliminary injunction seeking to prevent OPMC from undertaking a comprehensive review of his patient and office records. Defendants, in turn, filed a preanswer motion to dismiss contending, among other things, that Supreme Court lacked subject matter jurisdiction, that defendants were immune from suit and that the underlying complaint failed to state a cause of action. In response, plaintiff cross-moved for reconsideration with regard to the requested preliminary injunction. Supreme Court granted defendants' motion to dismiss, finding that it lacked subject matter jurisdiction over the named state agencies and that the complaint failed to state a cause of action as against the individual defendants. Plaintiff's cross motion for reconsideration was denied as moot, and this appeal by plaintiff ensued.

We affirm. As Supreme Court correctly noted, the Court of Claims has exclusive jurisdiction over actions for money damages against the state (*see* NY Const, art VI, § 9; Court of Claims Act § 8; *Morell v Balasubramanian*, 70 NY2d 297, 300 [1987]). The Department of Health and OPMC both are state agencies and, as such, the state is the real party in interest (*see Morell v Balasubramanian, supra* at 300; *Woodward v State of New York*, 23 AD3d 852, 855-856 [2005], *lv dismissed* 6 NY3d 807 [2006]; *Olsen v New York State Dept. of Envtl. Conservation*, 307 AD2d 595, 596 [2003], *lv denied* 1 NY3d 502 [2003]). Accordingly, plaintiff's claim for money damages against such entities should have been brought in the Court of Claims in the first instance. As to the individual defendants, there is no allegation that the Commissioner of Health harmed plaintiff in any fashion and, with respect to Sears' directive that plaintiff undergo a psychiatric evaluation, such conduct was undertaken in Sears' official capacity, again necessitating that this action be brought in the Court of Claims (*see Olsen v New York State Dept. of Envtl. Conservation, supra* at 596-597).

Moreover, even setting aside the issue of the proper forum for this action, the harassment alleged stems from an official OPMC investigation. Where, as here, the decision to undertake disciplinary action involves the exercise of discretion of a judicial or quasi-judicial nature, the challenged actors, i.e., Sears and the named state agencies, are immune from suit (*see Arteaga v State of New York*, 72 NY2d 212, 216 [1988]). Finally, "New York does not recognize a common-law cause of action to recover damages for harassment" (*Daulat v Helms Bros., Inc.*, 18 AD3d 802, 803 [2005]; *see Jacobs v 200 E. 36th Owners Corp.*,

---

chair, respondents advise us that Sears actually is the chair of the State Board for Professional Medical Conduct.

281 AD2d 281 [2001]; *Board of Mgrs. of Exec. Plaza Condominium v Jones*, 251 AD2d 89, 90 [1998], *lv dismissed* 92 NY2d 1002 [1998]; *General Motors Acceptance Corp. v Desbiens*, 213 AD2d 886, 888 [1995]). Accordingly, Supreme Court quite properly granted defendants' motion to dismiss.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.