12-3124-cv
*Zito v. Town of Babylon*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand thirteen.

PRESENT:

JON O. NEWMAN,
RALPH K. WINTER,
CHRISTOPHER F. DRONEY,
          *Circuit Judges*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FRANCES ZITO,

                    *Plaintiff-Appellant*,

          v.                                             No. 12-3124-cv

TOWN OF BABYLON, MARYANN ANDERSEN, JOHN DOES 1 THROUGH 10, JANE DOES 1 THROUGH 10

                    *Defendants-Appellees*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                    ROBERT P. LYNN, JR. (Kenneth L. Gartner, Lynn Gartner, Stephen W. Livingston, *on the brief*), Dunne & Covello, LLP, Mineola, New York

FOR APPELLEES:                                    MARK A. CUTHBERTSON (Jessica P. Driscoll, *on the brief*), Law Offices of Mark A. Cuthbertson, Huntington, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Frances Zito ("Zito") brought this action against the Town of Babylon ("the Town") and various Town Officials, alleging, *inter alia*, violations of her substantive and procedural due process rights. The district court (Seybert, *J*.) granted the Town's motion for summary judgment and Zito now appeals.

## I.      Background

Zito has owned the property at issue, located in Lindenhurst, NY (the "Property"), since August 1, 1996. It is in a residential zone subject to the Town of Babylon Zoning Code. When Zito purchased the Property, there were two certificates of occupancy ("CO's") pertaining to it—one from 1951 listing the property as an "office building" and the other from 1996 authorizing an extension to the building. The Property was used as a delicatessen from the 1980s up to 2004. On September 21, 2004 the Town issued Zito a new certificate of occupancy (the "2004 CO") that authorized "site improvements for deli." Zito later attempted to develop the Property residentially, but abandoned those plans after her application to subdivide the Property was rejected by the Town Zoning Board of Appeals in July 2008.

In the summer of 2008, Zito decided to reopen the deli. On August 6, 2008, a Town Zoning Inspector—Defendant Maryann Andersen—signed an "Appearance Ticket" and "Accusatory

Instrument" against Zito for lacking a certificate of occupancy. On August 20, 2008, she obtained a search warrant for the Property on the ground that renovations were underway for a delicatessen without a CO. On executing the warrant, she observed new sheetrock, new electrical work, and an ansul fire extinguishing system, requiring a plumbing permit. An additional "Accusatory Instrument" was issued to Zito for "interior alterations" with "no building permit," and for "no plumbing permit."

A hearing was held before the Suffolk County District Court for the State of New York on May 4, 2009 concerning the August 2008 violations. The charge for "no plumbing permit" was dismissed, as the ansul system in fact did not require a plumbing permit. At the subsequent trial, the state court dismissed the remaining accusations because it could not, "based on the evidence proffered in this case, conclude beyond a reasonable doubt, that the People proved the elements of not having a building permit and not having a certificate of occupancy."

On May 21, 2009, Zito received a letter from the Town's Chief Building Inspector, dated May 14, which stated that the 2004 CO was "in jeopardy of being revoked," and that it "should read 'site improvements,'" rather than permitting a delicatessen. The letter further requested that Zito "contact this office within seven (7) days of receipt of this notice in order to be heard prior to a determination as to revocation." The Babylon Town Code authorized the Chief Building Inspector to "revoke a permit [where] he or she finds that the building permit was issued in error." Babylon Town Code §89-26(B).

Zito's attorney sent a reply letter dated May 29, 2009, asking for "any legal authority" for the Town's actions. On June 2, 2009, an attorney for the Town responded that it was "well within the law" to revoke a CO "issued erroneously and unlawfully." He stated further that while Zito

3

"had notice and opportunity to appear for a hearing . . . regarding the revocation of [the 2004 CO], she failed to do so." On June 11, 2009, the Chief Building Inspector sent Zito a letter confirming that the 2004 CO only allowed site improvements, and did not authorize the operation of a delicatessen. Zito did not appeal or challenge this determination.

Instead, Zito filed the instant complaint in the Eastern District of New York in September 2009, seeking damages under 42 U.S.C. § 1983 for alleged violations of her due process rights, as well as raising several other claims. On June 28, 2012, the district court granted the Town's motion for summary judgment. In relevant part, the court held that Zito's due process claims were unripe for adjudication, since she had "not obtained a final decision regarding her ability to use the Property as a deli."[1] Zito now brings this appeal, challenging only the dismissal of her due process claims.

## II. Discussion

We review the grant of a motion for summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Such a decision should be affirmed "only where there is no genuine issue of material fact to be tried." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). "[T]o establish a procedural due process violation, a plaintiff must prove that he or she was deprived of an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988) (internal quotation marks and alterations omitted). As for substantive due process, "[i]n the context of a zoning dispute, to state a claim . . . for deprivation of 'property' without due process of law a person must establish that he had a valid

---

[1] The district court also dismissed Zito's equal protection claim and dismissed, without prejudice, her state causes of action for malicious prosecution and abuse of process, as well as the claims against various John Doe defendants. Those dismissals were not appealed.

4

'property interest' in some benefit that was protectible under the fourteenth amendment at the time he was deprived of the benefit." *Id.* at 211-12.

Zito contends that she had a protected property interest in operating a delicatessen. The 2004 CO authorized "site improvements for deli," and Zito emphasizes that the Town, in its Rule 56.1 Statement, conceded for summary judgment purposes that "the 2004 CO permitted her to operate a deli (in other words, it was for the 'use' of the deli and not just for the site improvements)." Furthermore, she argues that this interest was infringed without due process by the Town's revocation of the 2004 CO. Specifically, the infringement occurred when the Chief Building Inspector sent her a letter advising that the 2004 CO was issued in error and should have permitted only "site improvements." The letter stated that Zito had seven days to contest this decision, and when no challenge was forthcoming, the Chief Building Inspector sent another letter confirming that the proposed change had taken effect.

Nonetheless, the district court correctly found that Zito's due process claims premised on this alleged infringement were not ripe. Following *Williamson County Regional Planning Comm'n v. Hamilton Bank,* 473 U.S. 172 (1985), this Court applies "a two-pronged test for assessing the ripeness of takings-type claims." *Southview Associates, Ltd. v. Bongartz*, 980 F.2d 84, 95-96 (2d Cir. 1992) (internal citations omitted). "The first prong requires the government entity charged with enforcing the regulations at issue to have rendered a final decision. The second prong requires the plaintiff to have sought compensation if the state provides a reasonable, certain and adequate provision for obtaining compensation." *Id.* at 95 (internal citations and quotation marks omitted); *see also Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). This Court applies *Williamson*'s "final decision" requirement to both

substantive and procedural due process claims in the land-use context. *See Dougherty*, 282 F.3d at 88-89 (procedural due process), *Southview*, 980 F.2d at 96-97 (substantive due process). Furthermore, the requisite "final decision" does not exist unless the plaintiff property-owner has sought a variance. *Dougherty*, 282 F.3d at 89 (holding that because "Dougherty [n]either sought, [n]or was denied, a variance," he "has not received a final decision under *Williamson*").

Zito's due process claims do not satisfy the "final decision" requirement because she failed to seek a variance from or otherwise challenge the Town's amendment of her 2004 CO. Even if Zito were correct that the 2004 CO authorized her to use the Property as a delicatessen, but that CO was revoked or deemed unauthorized in the Chief Building Inspector's letters of May and June 2009, Zito did not seek a variance from or otherwise appeal the Building Inspector's decision. Instead, she elected to initiate this § 1983 action. As a result, the Town's actions on Zito's 2004 CO "do[] not conclusively determine whether [she] will be denied all reasonable beneficial use of [her] property, and therefore [are] not a final, reviewable decision." *Williamson*, 473 U.S. at 194; *see also Dougherty*, 282 F.3d at 88-89.

Zito also suggests that her due process claims are "premised upon the malicious prosecution of Zito without any basis in law or fact." However, as the district court correctly noted, "a claim of malicious prosecution may not be brought as a substantive due process claim." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995). Furthermore, any procedural due process claims arising out of the Town's prosecution of Zito necessarily fail because she was given ample notice and an opportunity to be heard and indeed had the accusations against her dismissed. *Brady*, 863 F.2d at 211 (procedural due process claims require that plaintiff "was deprived of an opportunity . . . for a hearing" (internal quotation marks, alterations and emphasis

6

omitted)).  Had she been convicted, her proper remedy would have been an appeal in state court. She cannot now merge allegations that she was harmed by the criminal prosecution into an unripe due process claim premised on the revocation of the 2004 CO.

**Conclusion**

We have considered all of Zito's remaining arguments and found each of them to be without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7