Impellizzeri v Campagni (2023 NY Slip Op 04015)

Impellizzeri v Campagni

2023 NY Slip Op 04015

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

354 CA 22-01620

[*1]DAVID IMPELLIZZERI, PLAINTIFF-APPELLANT,
v
CINDY CAMPAGNI, DENISE BARBER, LORI FEENEY, SHARON KLAIBER, MAXINE THOMPSON AND LISA BRACKETT, DEFENDANTS-RESPONDENTS. 

COTE & VAN DYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GALE GALE & HUNT, LLC, FAYETTEVILLE (MINLA KIM OF COUNSEL), FOR DEFENDANT-RESPONDENT CINDY CAMPAGNI.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BEEZLY KIERNAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS DENISE BARBER, LORI FEENEY, SHARON KLAIBER, MAXINE THOMPSON AND LISA BRACKETT. 

 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered April 4, 2022. The order granted the motions of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff worked as a registered nurse for nonparty SUNY Upstate Medical University (Upstate) for several years until June 2015. At that time, defendant Cindy Campagni—who was being trained by plaintiff—accused him of, inter alia, sexually harassing her and inappropriately accessing the medical records of a person who was not his patient. Upon receiving Campagni's accusations, several Upstate administrators, including defendants Denise Barber, Lori Feeney, Sharon Klaiber, Maxine Thompson, and Lisa Brackett (collectively, Upstate defendants), commenced investigations into plaintiff's behavior. At the conclusion of those internal investigations, Upstate determined that Campagni's accusations against plaintiff were substantiated.
Thereafter, Upstate issued plaintiff a notice of discipline (NOD), which indicated that Upstate was ultimately seeking to terminate plaintiff's employment based on the substantiated accusations. Because plaintiff was a registered nurse, Klaiber sent the NOD to the New York State Office of Professional Discipline (OPD) in accordance with Public Health Law § 2803-e. Pursuant to the collective bargaining agreement between Upstate and plaintiff's union, plaintiff elected to arbitrate the NOD. Ultimately, following a full hearing on the matter, the arbitrator exonerated plaintiff on the charge of sexually harassing Campagni, but nonetheless determined that he had improperly accessed medical records of someone who was not his patient. The arbitrator concluded, inter alia, that termination was not a proper penalty, and reinstated plaintiff's employment at Upstate. In light of that decision, one of the Upstate defendants tried to call plaintiff about returning to work, indicating that he would be working the night shift. Plaintiff did not respond to the call or appear for his first scheduled shift. At that point, Upstate sent plaintiff a letter noting his absence and warning him that he could face discipline, up to and including termination. Plaintiff ultimately tendered his resignation asserting that Upstate was attempting to reinstate him into a hostile work environment.
Shortly thereafter, plaintiff commenced this action asserting causes of action for tortious interference with his employment, defamation, and intentional infliction of emotional distress. He appeals from an order that granted the separate motions of the Upstate defendants and Campagni for summary judgment dismissing the complaint against them. We affirm.
Initially, we note that plaintiff has abandoned his intentional infliction of emotional distress cause of action and his defamation cause of action, except insofar as it pertained to Klaiber and her forwarding of the NOD to the OPD (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). Thus, the only claims relevant to this appeal are the tortious interference claims against the Upstate defendants and Campagni, and the defamation claim asserted against Klaiber.
We conclude that, with respect to the tortious interference claims against the Upstate defendants and the defamation claim against Klaiber, Supreme Court properly granted the Upstate defendants' motion on the ground that it lacked subject matter jurisdiction over those claims. The Court of Claims has exclusive "jurisdiction . . . [t]o hear and determine a claim of any person . . . against the state . . . for the torts of its officers or employees while acting as such officers or employees" (Court of Claims Act § 9; see NY Const, art VI, § 9; see generally Morell v Balasubramanian, 70 NY2d 297, 300-301 [1987]). More specifically, "[a] suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in [their] official role and involves rights asserted, not against the officer individually, but solely against the State" (Morell, 70 NY2d at 301). In contrast, where "the suit against the State agent or officer is in tort for damages arising from the breach of a duty owed individually by such agent or officer directly to the injured party, the State is not the real party in interest—even though it could be held secondarily liable for the tortious acts under respondeat superior" (id.).
Here, the Upstate defendants established that the allegedly improper acts undertaken in connection with the investigation concerning plaintiff were all done in their official capacities (see Monreal v New York State Dept. of Health, 38 AD3d 1118, 1119 [3d Dept 2007]; Olsen v New York State Dept. of Envtl. Conservation, 307 AD2d 595, 596 [3d Dept 2003], lv denied 1 NY3d 502 [2003]). Specifically, the Upstate defendants established that they had conducted their investigation pursuant to the law, as well as Upstate's internal policies, and that any deviations from Upstate's internal policies were not so severe or egregious that they raised triable issues of fact whether the Upstate defendants had acted intentionally in their individual capacity. Additionally, the Upstate defendants established that Klaiber's decision to send the NOD to the OPD—the basis of the surviving defamation claim—was done pursuant to her obligations under Public Health Law § 2803-e, i.e., in furtherance of her official duties for Upstate. We further conclude that, in opposition, plaintiff failed to raise any triable issues of fact whether the Upstate defendants acted outside the scope of their official duties in conducting the investigation into Campagni's complaints about plaintiff (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
With respect to the tortious interference claim asserted against Campagni, it is undisputed that she did not move for summary judgment on the basis of collateral estoppel. Thus, the court erred in raising that issue sua sponte as the primary ground for granting Campagni's motion inasmuch as "[t]he parties had no opportunity to address the issue of collateral estoppel" (Frank M. Flower & Sons, Inc. v North Oyster Bay Baymen's Assn., Inc., 150 AD3d 965, 966 [2d Dept 2017]; see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54 [2d Dept 2014]; see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]).
Campagni nevertheless asserts that, even if we cannot affirm on the ground of collateral estoppel, the court properly granted her motion with respect to the tortious interference claim because, with respect to the merits of that claim, she did not cause the end of plaintiff's employment relationship with Upstate. "Although the court did not address that issue in its decision, [Campagni] properly raises it on appeal as an alternative ground for affirmance" (Melgar v Melgar, 132 AD3d 1293, 1294 [4th Dept 2015]; see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]). We agree with Campagni.
In order to succeed on a cause of action for tortious interference with an employment relationship, a plaintiff must show: "(1) the existence of a business relationship between the [*2]plaintiff and a third party; (2) the defendant['s] interference with that business relationship; (3) that the defendant[] acted with the sole purpose of harming plaintiff or used dishonest, unfair, improper or illegal means that amounted to a crime or an independent tort; and (4) that such acts resulted in the injury to the plaintiff's relationship with the third party" (Conklin v Laxen, 180 AD3d 1358, 1359 [4th Dept 2020] [internal quotation marks omitted]; see McHenry v Lawrence, 66 AD3d 650, 651 [2d Dept 2009], lv denied 15 NY3d 703 [2010]).
The parties do not dispute that Campagni established her entitlement to judgment as a matter of law by showing that she did not proximately cause any injury to plaintiff's employment relationship with Upstate because he made the decision to resign his employment, i.e., he was not terminated as a direct consequence of her accusations (see generally Zuckerman, 49 NY2d at 562; Conklin, 180 AD3d at 1359-1360). In opposition, plaintiff failed to raise a triable issue of fact with respect to proximate cause because he relied on nothing more than speculation and conjecture to show that he was constructively terminated as a consequence of Campagni's accusations (see generally Zuckerman, 49 NY2d at 562; Trahwen, LLC v Ming 99 Cent City #7, Inc., 106 AD3d 1467, 1468 [4th Dept 2013], lv dismissed 21 NY3d 1066 [2013]). In short, plaintiff's submissions in opposition did not raise any triable issues of fact whether Upstate's decision to assign him to the night shift was an attempt to have him resign.
In light of our determination, plaintiff's remaining contentions are academic.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court