24-2033-cv
*Potter v. Incorporated Village of Ocean Beach, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-five.

Present:     DEBRA ANN LIVINGSTON,
                     *Chief Judge,*
             GERARD LYNCH,
             BETH ROBINSON,
                     *Circuit Judges.*

_____

PHILIP G. POTTER,

                     *Plaintiff-Appellant,*

             v.                                                          24-2033-cv

INCORPORATED VILLAGE OF OCEAN BEACH, VILLAGE BUILDING DEPARTMENT, VILLAGE BOARD OF TRUSTEES, MAYOR OF THE VILLAGE OF OCEAN BEACH, VILLAGE BOARD OF ZONING APPEALS, GERARD S. DRISCOLL, Village Building Inspector, in his official and individual capacities, THEODORE MINSKI, Village Building Inspector, in his official and individual capacities, NICHOLAS WEISS, Village Building Inspector, in his official and individual capacities, LOUIS SANTORA, Village Building Inspector, in his official and individual capacities, ROBERT FUCHS, Village Prosecutor, in his official and individual capacities, KENNETH GRAY, Village Hearing Officer, in his official and individual capacities,

*Defendants-Appellees.*

---

For Plaintiff-Appellant:               MICHAEL STANTON, Kosakoff & Cataldo LLP, Melville, NY.

For Defendants-Appellees:              THEODORE GORALSKI (Deanna Panico, on the brief), Bee Ready Fishbein Hatter & Donovan LLP, Mineola, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Philip G. Potter appeals from a July 9, 2024 judgment of the district court (Brown, *J.*), dismissing his claims under 42 U.S.C. § 1983 against the Incorporated Village of Ocean Beach ("the Village") and various Village officials. Potter's amended complaint alleges procedural due process, substantive due process, and *Monell* liability claims relating to (1) the revocation of the certificate of occupancy ("CO") for his seasonal residence in the Village; (2) criminal citations issued to Potter in 2012 for purported violations of local building codes; (3) the denial of Potter's applications for rental permits in 2016, 2017, and 2018; and (4) the Village's purported refusal to conduct a hearing, ordered by a state court in parallel Article 78 proceedings, on the revocation of Potter's CO. On appeal, Potter principally argues that the district court incorrectly dismissed his claims as barred by the statute of limitations due to its erroneous conclusion that the Village revoked his CO in 2011. We assume the parties' familiarity with the remaining underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to affirm.

2

## I. Standard of Review

"We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020) (quoting *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 156–57 (2d Cir. 2017)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[O]n a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the court may also rely upon 'documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint,'" *Halebian v. Berv*, 644 F.3d 122, 130 n.7 (2d Cir. 2011) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010)), and "consider matters of which judicial notice may be taken," *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)).

"Generally, '[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove.'" *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Staehr*, 547 F.3d at 425); *see also* Fed. R. Civ. P. 8(c)(1). But we have allowed "a defendant [to] raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Whiteside*, 995 F.3d at 319 (quoting *Staehr*, 547 F.3d at 425). "Dismissal under Rule 12(b)(6) is therefore appropriate only if 'it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.'" *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)).

## II. Statute of Limitations

"[T]he applicable limitations period" for § 1983 actions "is found in the 'general or residual [state] statute [of limitations] for personal injury actions,'" which in New York is three years. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)); *see also* N.Y. C.P.L.R. § 214(5) (McKinney 1990). But while "courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The Supreme Court has explained that under federal law, "it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal quotations marks and citations omitted). And this Court has held that "[a] federal claim generally accrues 'once the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *DeSuze v. Ammon*, 990 F.3d 264, 270 (2d Cir. 2021) (quoting *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994)). We further explained that a plaintiff's knowledge of his injury is sufficient to trigger accrual when he knows "enough of the critical facts of injury and causation to protect himself by seeking legal advice." *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998) (quoting *Guccione v. United States*, 670 F.Supp. 527, 536 (S.D.N.Y. 1987)).

Potter pleaded in his amended complaint that the Village violated his substantive and procedural due process rights by issuing criminal citations premised on an assertion that Potter knowingly violated the Village building code, even though the purported code violations related to conditions "covered under the permanent Certificate of Occupancy." App'x 224. The complaint states that these criminal citations were issued in "early 2012." *Id*. Potter also brought claims

4

based on the Village's denial of his rental permit applications in "2016, 2017, and 2018," alleging these actions deprived him of "potentially lucrative rental income from the property" without due process. *Id.* at 228, 232–33. Because Potter filed this case on August 29, 2023, claims that accrued prior to August 29, 2020 are time barred. Given the dates accompanying Potter's allegations, it is clear on the face of the complaint that claims stemming from the Village's issuance of criminal citations against him in 2012 and its denial of his applications for rental permits in 2016, 2017, and 2018 are outside of the relevant statute of limitations. We therefore affirm the district court's dismissal of these claims.

Potter's claims relating to the Village's revocation of his CO present a more difficult question. Ultimately, however, we conclude that these claims also accrued outside of the relevant limitations period and are therefore time-barred. While the Village Building Inspector sent Potter a letter in July 2011 informing him that his CO had been revoked, Potter alleges that the Village later appointed a hearing officer to conduct a hearing on the proposed revocation of his CO ("the revocation hearing"), indicating that the Building Inspector's determination was subject to a review process before it became final. That hearing officer ultimately found that Potter's CO was erroneously issued and recommended that the Village Board of Trustees revoke it, but the Board never voted to adopt that proposal, instead tabling it indefinitely in 2015. While these facts indicate that the Village Board had not taken a final position on the revocation of Potter's CO in 2015, Potter pleaded in his complaint that in the ten years since the Board tabled the proposal, the Village has proceeded as though he does not have a valid CO, denying his rental permit applications in 2016, 2017, and 2018 "based upon . . . its position that the premises lack a valid certificate of occupancy." App'x 215. And Potter went on to allege the Village "den[ied] [him] potentially

5

lucrative rental income from the property, all due to the purported absence of a valid certificate of occupancy." *Id.* at 228.

Potter's complaint therefore pleads multiple times that he understood that the Village's repeated denials of his rental permit applications from 2016 to 2018 stemmed from its determination that he lacked a valid CO. By the third year of these denials, it seems clear that Potter "ha[d] reason to know of the injury which is the basis of his action"—that the Village had taken the position that the revocation of Potter's CO was final, despite the Village Board's purported indefinite tabling of the revocation.[1] *DeSuze*, 990 F.3d at 270 (quoting *Veal*, 23 F.3d at 724). And Potter's decision to bring a declaratory action in state court in 2019 to defend the validity of the 2010 CO further supports that he was aware that the Village had taken this position and that he knew "enough of the critical facts of injury and causation to protect himself by seeking legal advice" prior to the start of the limitations period here.[2] *Kronisch*, 150 F.3d at 121 (quoting

---

[1] We note that claims "in the land-use context are not ripe until [the] landowner receives a final, definitive decision" from the local authority charged with administering the relevant regulations. *Ateres Bais Yaakov Acad. of Rockland v. Town of Clarkstown*, 88 F.4th 344, 350 (2d Cir. 2023); *see also Zito v. Town of Babylon*, 534 F. App'x 25, 28 (2d Cir. 2013) (summary order) ("This Court applies *Williamson*'s 'final decision' requirement to both substantive and procedural due process claims in the land-use context" (citing *Doughtery v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88–89 (2d Cir. 2002) and *Southview Assocs., Ltd. v. Bongartz*, 980 F.2d 84, 96–97 (2d Cir. 1992)). But "[t]he finality requirement is relatively modest," and only "*de facto* finality" is required. *Pakdel v. City & Cnty. of San Francisco*, 594 U.S. 474, 478–79 (2021). Because the Village "demonstrated its 'arriv[al] at a definitive position on the issue that inflict[ed] an actual, concrete injury'" on the plaintiff at least five years prior to the initiation of this suit, we conclude his claims became ripe for review at that time. *Village Green at Sayville, LLC v. Town of Islip*, 43 F.4th 287, 298 (2d Cir. 2022) (quoting *Williamson Cnty. Reg'l Plan. Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193 (1985)).

[2] Potter did not argue that the ripeness determination made in the state court proceedings bars relitigation of that issue here. New York law applies to determine the preclusive effect of a state court proceeding in a federal § 1983 suit. *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (citing 28 U.S.C. § 1738). And New York courts disfavor raising issue preclusion sua sponte. *See Impellizzeri v. Campagni*, 194 N.Y.S.3d 637, 640 (N.Y. App. Div. 2023) (holding that because the defendant did not raise

*Guccione*, 670 F.Supp. at 536). Thus, while Potter's claims for substantive and procedural due process violations based on the Village's revocation of the 2010 CO did not accrue when the Village Building Inspector voided his certificate in 2011, Potter did become sufficiently aware that the Village had taken a final position on the revocation of his CO to have brought this claim by at least 2020, rendering his claims based on the Village's revocation of his CO time barred.[3]

\* \* \*

We have considered Potter's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

"collateral estoppel . . . the court erred in raising that issue sua sponte," given that the parties "had no opportunity to address the issue"). We therefore do not address the applicability of that doctrine here.

[3] We also reject Potter's request to find this claim timely under the continuing violation doctrine or under the doctrine of equitable estoppel. First, the continuing violation doctrine does not apply to "discrete unlawful acts, even where those discrete acts are part of a 'serial violation[],' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114–15 (2002)). Because the Village's denials of rental permit applications premised on the absence of a valid CO are each discrete unlawful acts indicating that the Village had reached a final decision, we conclude that the continuing violation doctrine does not apply. Second, equitable estoppel applies only in those cases "where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay in bringing his lawsuit." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 802 (2d Cir. 2014) (quoting *Cerbone v. Int'l Ladies' Garment Workers' Union*, 768 F.2d 45, 49–50 (2d Cir. 1985)). But here Potter did bring a lawsuit in 2019 after the Village denied his rental permits based on the absence of a valid CO, so equitable estoppel does not apply either. Finally, we note that Potter did not raise arguments in his opening brief contesting the district court's ruling regarding the Village's failure to hold the state-court ordered hearing on the revocation of Potter's CO. We therefore consider these arguments forfeited. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. DE C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

7